UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CAROLYN HICKS JONES | CIVIL ACTION NO. 3:18-cv-00826 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| TIM WILLIAMS WOOD PRODUCTS, LP, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

This is a lawsuit arising out of a motor vehicle accident.  Pending before the Court are  a

Motion for Partial Summary Judgment on Liability and Comparative Fault [Doc. No. 34] and a

Motion for Partial Summary Judgment on Medical Causation [Doc. No. 36] filed by Plaintiff

Carolyn Hicks Jones ("Jones") against Defendants Tim Williams Wood Products, LP ("Tim

Williams"); Oklahoma Surety Company; and Jimmy Morgan ("Morgan").

For the following reasons, the Motions for Partial Summary Judgment are DENIED.

## I.    FACTS

On the late afternoon hours of March 15, 2017, Morgan and Jones were involved in a

wreck on  Interstate 20 ("I-20") in Ouachita Parish near mile marker 108 and the Highway

546/Cheniere Road exit.  The weather was clear that day, and traffic was heavy.

Prior to the accident, Morgan, operating a tractor-trailer for his employer, Tim Williams,

was traveling east on I-20 in the outside (right) lane.

Jones was operating a red Chevrolet Malibu and had one passenger, Mary Henderson,

riding with her.  Jones contends that she was also traveling east on I-20 and that Morgan's truck

struck her from behind.  According to Jones, she had traveled from Ruston and had never exited I-20.  She denies that there is an entrance (or on-ramp) to I-20 at Cheniere.

Morgan disputes Jones' account that she had already entered the highway and was traveling east.  Morgan contends that, as he approached the Cheniere entrance to I-20, he did not see Jones' car, and he looked into his left mirror to verify whether it was safe to move into the inside lane to allow traffic to merge into the outside lane.  Morgan further contends that he saw Jones' car for the first time shortly after he looked back.  He believes that Jones entered I-20 and moved into his blind spot, but he did not see her do so.

It is undisputed that Morgan's truck bumper struck the center of Jones' back bumper, causing minor damage.  There was no damage to Morgan's bumper.

While there has been some differing testimony on the exact rate of speed traveled by each vehicle, it is undisputed that the speed difference between the two vehicles was minimal.  Even so, Jones contends that she did not see the truck approaching until contact was made. Jones describes the vehicles being  "stuck" together after Morgan's bumper struck her bumper.  [Doc. No. 38-5, p. 111:1-20].   The vehicles separated, and Jones pulled off the road on the shoulder of I-20.  Morgan then continued past Jones and pulled off on the shoulder as well.

Louisiana State Trooper Ryan Davis was dispatched to the scene.  He spoke to both drivers.  He ticketed Morgan for careless operation because he could not confirm Morgan's belief.

Following the accident, Jones was transported to Glenwood Regional Medical Center with complaints of neck and shoulder pain.  She received medical treatment for these complaints. However,  medical records from May 8, 2017; October 2, 2017; January 8, 2018; July 19, 2018; February 27, 2019; and October 1, 2019, appear to indicate that Jones did not report any neck

pain or other complaints at the time of those visits.  Two physicians found that surgery was not recommended, or that Jones was not an eligible candidate.  Defendants also obtained an independent medical examination and that physician found that her condition did not result from the accident.

Additionally, Jones' medical records indicate that she had treatment for neck pain, neck into shoulder pain, and shoulder pain prior to the accident.

On May 19, 2020, Jones filed a Motion for Partial Summary Judgment on Liability and Comparative Fault [Doc. No. 34].

On May 28, 2020, Jones filed a Motion for Partial Summary Judgment on Medical Causation [Doc. No. 36].

On June 9, 2020, Defendants filed a Memorandum in Opposition to the Motion for Partial Summary Judgment on Liability and Comparative Fault [Doc. No. 38].

On June 16, 2020, Jones filed a Reply [Doc. No.  39] in support of her Motion for Partial Summary Judgment on Liability and Comparative Fault.

On June 18, 2020, Defendants filed a Memorandum in Opposition to Jones' Motion for Partial Summary Judgment on Medical Causation [Doc. No. 40].

On June 24, 2020, Jones filed a Reply [Doc. No. 43] in support of her Motion for Partial Summary Judgment on Medical Causation.

The motions are now ripe.

## II.    LAW AND ANALYSIS

### A.  Standard of Review

Summary judgment "shall [be] grant[ed] . . .  if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*

If a party opposing a summary judgment cannot "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial, the entry of summary judgment is appropriate." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party opposing a motion for summary judgment may not simply rest upon mere allegations or denials in his pleading, but must set forth specific facts showing that there is a genuine issue for trial.  *Anderson*, 477 U.S. at 256; *see also* FED. R. CIV. P. 56(e).

However, the United States Court of Appeals for the Fifth Circuit has cautioned as follows:

> The trial court may not weigh evidence or make credibility determinations when considering a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As we explained in *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410 (5th Cir.2003):
>
> > The standard for summary judgment mirrors that for judgment as a matter of law. Thus, the court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence. In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as evidence supporting the moving party that is uncontradicted and unimpeached. The nonmoving party, however, cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence.

*Id.* at 412–13 (internal citations omitted).

Said another way, "[w]e construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir.2005) (internal citations omitted).

*Comeaux v. Sutton*, 496 F. App'x 368, 369–70 (5th Cir. 2012).

### B. Partial Summary Judgment

This is a diversity action, so the Court must apply Louisiana substantive law. *See Erie R. Co. v. Thompkins*, 304 U.S. 64, (1938).

### 1. Liability and Comparative Fault

First, Jones argues that she is entitled to summary judgment on the issues of liability and comparative fault.

Under Louisiana law "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. "The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability." *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La.2006). The plaintiff must prove the five elements:

(1)     the defendant had a duty to conform his conduct to a specific standard (the duty element);

(2)     the defendant's conduct failed to conform to the appropriate standard (the breach element);

(3)     the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element);

(4)     the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and

(5)     the actual damages (the damages element).

*Id.* (citing *Fowler v. Roberts*, 556 So.2d 1, 4 (La.1989)).  "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability."  *Mathieu v. Imperial Toy Corp*., 646 So.2d 318, 321 (La.1994).

Additionally, Louisiana has adopted a comparative fault scheme.  Louisiana Civil Code Article 2323 specifically provides, in pertinent part, that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined."

"Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to a question of comparative fault as well." *Pruitt v. Nale*, 45,483 (La. App. 2 Cir. 8/11/10), 46 So.3d 780, 783; *cf. Rance v. Harrison Co., Inc.,* 31,503 (La. App. 2 Cir. 1/20/99), 737 So.2d 806, 810 ("Where reasonable minds cannot differ, the question of contributory or comparative negligence is a question of law that may be resolved by summary judgment.").

In other words, "a partial summary judgment may not be granted for purposes of determining a particular element of liability such as . . . the fault of one party where such a determination is not completely dispositive of the question of liability between the parties concerning that claim and where . . . comparative fault remain[s] unresolved." *Williams v. City of New Orleans*, 637 So.2d 1130, 1132 (La. Ct. App. 1994); *see also Saba v. Hosp. Housekeeping Sys., Ltd*., 2007–0916 (La. App. 1 Cir. 12/21/07) ("The issues of one party's liability and comparative fault are so intertwined that a ruling on the first may, or at the very least appear to, unduly influence the second, and thus, impermissibly taint the allocation of fault.").

In this case, Jones relies on two bases to support her Motion for Partial Summary Judgment:  a presumption under Louisiana law and Morgan's admitted lack of knowledge of exactly what happened.

Morgan opposes Jones' motion, contending that the presumption is inapplicable and that, regardless whether the presumption applies, there is sufficient circumstantial evidence to support his version of events and deny summary judgment.

In establishing the breach element, a plaintiff may rely, if applicable, on a presumption under Louisiana law.  Louisiana Revised Statue 32:81(A) provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and  the  traffic upon and the condition of the highway.

As the Louisiana Second Circuit has explained, this statute creates a rebuttable presumption.

> A following motorist in a rear-end collision is presumed to have breached [the La. Rev. Stat. 32:81(A)] duty and, therefore, is presumed negligent. *Mart v. Hill*, 505 So.2d 1120 (La.1987); *Broussard v. Zurich American Ins. Co*., 44,695 (La. App. 2d Cir. 9/23/09), 23 So.3d 370; *Bennett v. Louisiana Farm Bureau Cas. Ins. Co.,* 43,216 (La. App .2d Cir. 4/30/08), 983 So.2d 966.
>
> To avoid liability, a following motorist who rear-ends another vehicle must prove he was not at fault by establishing that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance under the circumstances. *Broussard v. Zurich American Ins. Co., supra; Bennett v. Louisiana Farm Bureau Cas. Ins. Co., supra; Bates v. Prater, supra; Morris v. Flores*, 36,932 (La. App. 2d Cir.3/7/03), 840 So.2d 1257; *Chambers v. Graybiel*, 25,840 (La. App. 2d Cir. 6/22/94), 639 So.2d 361, writ denied, 94–1948 (La.10/28/94), 644 So.2d 377. The following motorist **may also avoid liability by showing that the lead motorist negligently created a hazard which could not reasonably be avoided**. *Broussard v. Zurich American Ins. Co., supra; Bennett v. Louisiana Farm Bureau Cas. Ins. Co., supra; Bates v. Prater, supra; Morris v. Flores, supra.*

*Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, 520–21, writ denied, 2011-1272 (La. 9/23/11), 69 So. 3d 1164 (emphasis added).

Although Morgan denies the applicability of the statute, the undisputed evidence shows that, at the time of the accident, his tractor-trailer was following behind Jones' vehicle, and his bumper impacted square in the middle of her bumper.  Even if Morgan's version of events is credited, the fact is that, at the time of impact, Morgan was driving the following vehicle and rear-ended Jones' vehicle.  Therefore, the Court finds that the presumption applies.

The Court now turns to the second part of Jones' argument—that Morgan cannot rebut the presumption because he has no evidence.  Applying the standard applicable to summary judgment motions, the Court disagrees.  It is indeed true that Morgan testified that he did not see Jones move into the lane of traffic.  *See* [Doc. No. 38-4, Deposition of Jimmy Morgan, p. 44:14–17].

However, he has offered circumstantial evidence to support his contention.  He points out that the jury may not find Jones' version of events credible for several reasons.  First, she denied that there was even an on-ramp where the accident occurred, contrary to the documentation of the Trooper Ryan Davis.  *Cf.*  [Doc. No. 38-5, Deposition of Carolyn Hicks Jones, p. 112:6-7]; [Doc. No. 38-6, Deposition of Trooper Ryan Davis, p. 51:14-23].  Second, Trooper Davis documented the speeds of 67 and 70 miles per hour, which was allegedly based on Jones' report to him but she later changed the speeds when recounting the history of the accident to health care providers.  [Doc. No. 38-6, Davis Deposition, pp. 23:5-9; 25:1-3]; [Doc. Nos. 38-7; 38-8- & 38-9, citing history recounted by Jones to health care providers].  During her deposition, she reported her speed as 73 miles per hour.  [Doc. No. 38-5, Jones Deposition, p. 113:18].  Regardless of the correct rates of speed, Jones also denied seeing Morgan approach prior to the accident, even though he was allegedly traveling three miles per hour greater than she was.  [Doc. No. 38-5, Jones Deposition, p.114:13-15].

Additionally, Jones offered differing accounts of the impact on her.  At her deposition she testified that she "somehow struck her head on the "steering wheel,"[Doc. No. 38-5, Jones Deposition, pp. 106:22-25; 107:5-6].  Other times, she reported that her head "slammed against the headrest,"  [Doc. No. 38-7].  She characterized the impact from the accident as a "huge hit." [Doc. No. 38-5, Jones Deposition, p. 116:5].  These characterizations and descriptions are inconsistent with the report prepared by Defendants' expert, inconsistent with Morgan's testimony that he felt a slight bump, and inconsistent with the physical condition of Morgan's vehicle.  Under these circumstances, the Court finds that Defendants have raised a genuine issue of material fact for trial on liability and comparative fault.  *See Guillory v. United Specialty Company*, Civil Action No. 17-01107-BAJ-RLB, 2019  WL 470912  at * 2 (M.D.  La.  Feb. 6, 2019) (finding partial summary judgment inappropriate where the following driver, Lopez, "testified that while driving in the center lane, he turned to glance into his side rearview mirror and his blind spot in order to shift into the left lane. . . . When Lopez turned his gaze back, he saw Guillory's vehicle.  . . As such, a reasonable jury could find that Lopez was paying due attention to the road and operating his vehicle safely[;]"  it also remained disputed whether the lead driver, Guillory, "negligently created a hazard which caused the accident" when Lopez testified  . . . that he did not recall Plaintiff's vehicle in front of him before he started moving into the left lane.").

The Court finds this evidence invokes credibility determinations reserved to the jury and, though close, is sufficient to raise a genuine issue of material fact for trial.  Jones' Motion for Partial Summary Judgment on Liability and Comparative Fault is DENIED.

## 2.  Medical Causation

Next, Jones asserts that she is entitled to a partial summary judgment on the issue of

medical causation.  In her initial memorandum, Jones appeared to rely on the *Housley* presumption that she was in good health prior to the accident and that she began suffering neck and shoulder pain thereafter.[1]  Defendants oppose the motion, pointing to her medical history.  In her reply memorandum, Jones contends that Defendants improperly rely on extraneous issues and that, pursuant to Federal Rule of Civil Procedure 56(c)(2), Defendants cannot rely on Dr. Courtney's and Dr. Mody's reports because they are not sworn to by the respective experts.  She also raises issues with Defendants' production of her own medical records and certain photographs.  Additionally, she seems to have abandoned the *Housley* presumption, instead arguing that she has undisputed evidence that the accident aggravated her pre-existing conditions.

First, as an initial matter, Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.  *Martin v. John W. Stone Oil Distrib., Inc*., 819 F.2d 547, 549 (5th Cir. 1987).  However, "it is not dispositive whether the [disputed materials]  in their current form are admissible in evidence. At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A*., 835 F.3d 530, 534 (5th Cir.  2016) (quoting FED. R. CIV. P. 56(c)(2) (emphasis added).  Thus, to the extent that the reports are not currently "sworn," Defendants can

---

[1]Louisiana law recognizes a presumption that a medical condition producing disability is presumed to have resulted from an accident if, prior to the accident, the injured person was in good health, but shortly after the accident the disabling condition appears and continuously manifests itself.  *See Housley v. Cerise*, 579 So.2d 973 (La.1991*); see also O'Riley v. City of Shreveport*, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213.  Even if the presumption applies, a plaintiff is still required to provide "medical evidence establishing a causal connection between [plaintiff's] medical condition and the accident."  *Vargas v. Lee*, 317 F.3d 498, 502 n.3 (5th Cir. 2003).

easily rectify these issues prior to trial.  For example, medical records can be submitted at trial with a certification from the custodian or by trial testimony.  Additionally, Dr. Courtney's and Dr. Mody's reports were submitted with a declaration, which is appropriate for the Court to consider under 28 U.S.C. §1746.  *See* FED. R. CIV. P. 56(d)(4) (allowing the use of an affidavit "or declaration").    Thus, to the extent that Jones objects to the Court's consideration of certain records and reports, the objection is DENIED.

The Court thus considers whether there is a genuine issue of material fact for trial on causation.  Under Louisiana law,

> [i]n a personal injury suit [a] plaintiff bears the burden of proving a causal relation between the injury sustained and the accident which caused the injury.  *American Motorist Insurance Co. v. American Rent–All, Inc.,* 579 So.2d 429 (La.1991); *Aucoin v. State Farm Mut. Auto. Ins. Co.,* 505 So.2d 993 (La. App. 3d Cir.1987); *Richard v. Walgreen's Louisiana Co.,* 476 So.2d 1150 (La. App. 3d Cir.1985). Plaintiff must prove causation by a preponderance of the evidence. *Morris v. Orleans Parish School Bd.,* 553 So.2d 427 (La. 1989). The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. *Mart v. Hill,* 505 So.2d 1120 (La. 1987); *Villavaso v. State Farm Mut. Auto. Ins. Co.,* 424 So.2d 536 (La. App. 4th Cir. 1982).

*Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759.   "To recover damages for aggravation of a pre-existing condition, the tort plaintiff is required to establish a causal link between the tortious conduct and the  aggravation of the pre-existing condition, and the test to determine if that burden has been met is whether the plaintiff proved through medical testimony that it is more likely than not that the subsequent injuries were caused by the tortious conduct." *Guillory v. Lee*, 2009-0075 (La. 6/26/09), 16 So. 3d 1104.

"Causation is an issue of fact that is generally decided at the trial on the merits." *Estate of Adams v. Home Health Care of Louisiana*, 775 So.2d 1064, 1065 (La. 2000); *see also Arceneaux*

*v. State Farm Fire & Cas. Co*., No. 07-3830, 2009 WL 1393711, at *3 (E.D. La. May 18, 2009) (quoting same).

In this case, Jones cites, but does not submit, testimony from Dr. Nunley, Dr. Counts, and Dr. Auer supporting causation.  According to Jones, all of these doctors are qualified to render expert opinions and found that the March 15, 2017 accident more likely than not aggravated plaintiff's pre-existing neck and shoulder conditions and caused her pain.  If the Court were to apply the Federal Rules of Civil Procedure as strictly as Jones wishes, it could simply deny her motion for lack of evidence altogether.  *See* FED. R. CIV. P. 56(c)(3) (The court need consider only the cited materials, but it may consider other materials in the record.").  The citation to deposition testimony without attaching that deposition as an exhibit is of no use to the Court, which bears a duty to review the cited records itself.  The ONLY exhibits in the record were attached by Defendants to their opposition memoranda.  Without properly supporting her motion, Jones relies on argument of counsel which is no evidence at all.

Nevertheless, Defendants have produced and the Court has considered evidence on Jones' medical condition.  Her medical records and an independent medical examination by Dr. Mody raise a genuine issue of material fact for trial whether she did suffer neck pain following the accident and whether such pain was caused by the accident, necessitating treatment. Specifically, as Defendants point out, Jones seeks summary  judgment  on the need for multi-level ACDF surgery, which was not recommended by Dr. Counts or Dr. Nunley.  [Doc. No. 40-23, Deposition of Dr. Jeffrey Counts, pp. 25: 15-25; 29: 9-25]; [Doc. No. 40-24, Deposition of Dr. Pierce Nunley, pp. 11:21-12:3; 45:17-24; 49:2-12].  Dr. Mody performed a medical examination and has opined that surgery is not related to this accident.  [Doc. No. 40-25, Report

of Dr. Milan Mody]. The Court finds that there are genuine issues of material fact for trial on medical causation as well.

## III.   CONCLUSION

For the foregoing reasons, Jones' Motion for Partial Summary Judgment on Liability and Comparative Fault [Doc. No. 34] and Motion for Partial Summary Judgment on Medical Causation [Doc. No. 36] are DENIED.

MONROE, LOUISIANA, this 6th day of July, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**